IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONOVAN MILLER, | ) | CASE NO. 4:16CV01275 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| CHARMAINE BRACY, Warden | ) | |
| | ) | |
| | ) | |
| | ) | **REPORT AND** |
| Respondent. | ) | **RECOMMENDATION** |

This matter has been referred to the undersigned United States Magistrate Judge for preparation of a Report and Recommendation pursuant to Local Rule 72.2(b)(2). Before the Court is Respondent Charmaine Bracy's unopposed motion to dismiss Petitioner Donovan Miller's Petition for the Writ of Habeas Corpus. (Doc No. 6). For the reasons that follow, it is recommended that the motion be GRANTED.

**I. Background**

**A. Relevant Procedural History**

On October 6, 2011, a Mahoning County grand jury indicted Petitioner for the murder of Quest Wagoner. (Doc No. 6-1 at 126, 78). Prior to trial, the court denied Petitioner's motion to suppress his videotaped statements to law enforcement. (Exhibit 1, Doc. No. 6-1 at 3). The trial court further determined that a recorded statement made by Petitioner to his girlfriend while in a police interrogation room was admissible. (Exhibit 2, Doc. No. 6-1 at 4). On December 19,

2012, a jury found Petitioner guilty of aggravated murder with a firearm specification, guilty of tampering with evidence, and not guilty of two counts of trafficking in marijuana. (Exhibit 3, Doc. No. 6-1 at 9). On February 4, 2013, Petitioner received an aggregate sentence of thirty-six (36) years to life but was given credit for 493 days of time served. *Id.*

Petitioner filed a direct appeal on February 11, 2013, and the court appointed him new counsel. (Exhibit 12, Doc. 6-1 at 133). Petitioner raised the following assignments of error:

> ASSIGNMENT OF ERROR No. 1: The trial court erred when it failed to instruct the jury on "knowingly" and "purposely," essential elements of the crime of tampering with evidence, and when it relieved the State of its burden to prove specific intent.
>
> ASSIGNMENT OF ERROR No. 2: Appellant's conviction for tampering with evidence was supported by insufficient evidence.
>
> ASSIGNMENT OF ERROR No. 3: The trial court committed plain error when it instructed the jury on "consciousness of guilt."
>
> ASSIGNMENT OF ERROR No. 4: Defense counsel provided ineffective assistance by failing to object to the "consciousness of guilt" and tampering with evidence instructions given to the jury.
>
> ASSIGNMENT OF ERROR No. 5: The trial court erred when it denied Appellant's Motion to Suppress statements.
>
> ASSIGNMENT OF ERROR No. 6: The trial court erred when it failed to make the requisite findings prior to imposition of consecutive sentences and when it sentenced Appellant to a mandatory five (5) year period of post-release control.

(Doc. No. 1 at 2; Exhibit 12, Doc. No. 6-1 at 133).

On June 23, 2014, the Ohio Court of Appeals affirmed the judgment of the trial court as to Petitioner's conviction but remanded for re-sentencing. *State v. Miller*, 2014 WL 2999192 at *1. The court determined (and the state conceded) that the trial court had failed to make the requisite findings prior to the imposition of consecutive sentences and that the trial court

2

improperly imposed five years mandatory post-release control instead of three years discretionary post-release control. *Id.* at *31.

On July 22, 2014, the trial court re-sentenced Petitioner to an aggregate sentence of thirty-three (33) years to life, with credit for time served. (Exhibit 6, Doc. 6-1 at 54). The trial court advised Petitioner that his sentence included an optional period of up to three years of post-release control. (Exhibit 6, Doc. 6-1 at 55).

New counsel was appointed, and, on August 7, 2014, Petitioner sought an appeal in the Ohio Supreme Court. (Exhibit 9, Doc. 6-1 at 58). Petitioner presented the following propositions of law:

> PROPOSITION OF LAW No. 1: It is a violation of a criminal defendant's Fifth Amendment privilege when police detectives ignore an invocation of the right to remain silent. If statements are made by the defendant shortly thereafter which are predicated upon the illegally obtained statements, the Defendant's rights have been violated.
>
> PROPOSITION OF LAW No. 2: A criminal defendant's rights are violated when a trial court improperly instructs a jury by omitting essential elements of the crimes charged, by relieving the state of its burden to prove specific intent, and by instructing the jury on "consciousness of guilt" when facts do not support the charge.
>
> PROPOSITION OF LAW No. 3: A criminal defendant's Sixth Amendment right to the effective assistance of counsel is violated when defense counsel fails to object to clearly erroneous jury instructions.
>
> PROPOSITION OF LAW No. 4: A defendant charged with Tampering with Evidence cannot be convicted based solely upon a lack of a weapon at the crime scene.

(Exhibit 10, Doc No. 6-1 at 61-76). On January 28, 2015, the Ohio Supreme Court declined jurisdiction. *State v. Miller*, 141 Ohio St.3d 1454, 23 N.E.3d 1196 (Table), 2015-Ohio-239 (Ohio Jan. 28, 2015). Petitioner did not seek review in the United States Supreme Court.

**B. The Instant Petition for the Writ of Habeas Corpus**

Petitioner executed the instant Petition on May 17, 2016, and it was entered in the Court's docket on May 26, 2016. Petitioner asserts four (4) grounds for relief:

> GROUND ONE: My Fifth Amendment Miranda rights were violated when police detectives ignored my invocation of the right to remain silent.
>
> GROUND TWO: My Due Process rights under the Sixth and Fourteenth Amendments were violated when the trial court improperly instructed the jury by omitting essential elements of the crimes charged, by relieving the State of its burden to prove specific intent, and by instructing the jury on "consciousness of guilt" when the facts did not support the charge.
>
> GROUND THREE: My Sixth Amendment right to the effective assistance of counsel was violated when my defense counsel failed to object to clearly erroneous jury instructions.
>
> GROUND FOUR: My constitutional Due Process rights were violated when I was convicted of tampering with evidence based on insufficient evidence, which was in turn was [sic] used to support my conviction for aggravated murder.

(Doc. No. 1). On August 25, 2016, Respondent filed a motion to dismiss the Petition as time-barred. (Doc. No. 6). Petitioner did not respond. The motion is ripe for decision.

## II. Law and Argument

**A. Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year limitations period in a habeas action brought by a person in custody pursuant to the judgment of a State court. Under 28 U.S.C. § 2244(d)(1), the limitation period runs from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

4

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In this case, because Petitioner knew or could have discovered the factual predicate of his claims before the conclusion of direct review, and the claims do not implicate sections 2244(d)(1)(B)[1] or 2244(d)(1)(C), Petitioner's claims are governed by § 2244(d)(1)(A). Thus, the one-year statute of limitations did not begin to run until all direct criminal appeals in the state system were concluded, followed by the expiration of the time allowed (90 days) for filing for certiorari in the United States Supreme Court. *See Clay v. United States*, 537 U.S. 522, 528 n. 3 (2003); *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002); *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001).

The Ohio Supreme Court declined jurisdiction on January 28, 2015. Therefore, Petitioner's conviction became final on April 28, 2015, ninety days after the Ohio Supreme

---

[1] Based on a liberal construction the *pro se* Petition, Petitioner may be suggesting that an unconstitutional, state-created impediment to filing existed under § 2244(d)(1)(B), when appointed counsel failed to advise Petitioner of the outcome of his Ohio Supreme Court appeal. Other courts in the Sixth Circuit have rejected this argument on the ground that there is no constitutional right to counsel in connection with a discretionary appeal to the Ohio Supreme Court. *See, e.g., Santiago v. Hurley*, No. 2:05CV560, 2006 WL 3196295, at *4 (S.D. Ohio Nov. 2, 2006).

Court's denial of jurisdiction. §2244(d)(1)(A). The limitations period commenced the following day, on April 29, 2015, *see* Fed.R.Civ.P. 6(a)(1) (in computing a time period, "exclude the day of the event that triggers the period."), and it closed one year later. Thus, the last day for a timely filing was April 28, 2016. The Petition, having been filed on May 17, 2016, at the earliest, was filed too late.

### B. Equitable Tolling

AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 649 (2010). A court may review a time-barred petition only if Petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" that prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace*, 544 U.S. at 418). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he is entitled to the equitable tolling of the one year limitations period. *Id.*

> In this case, Petitioner states,
>
> I did not learn that the Ohio Supreme Court had denied my appeal (MISJ) until over a year had passed from the date of their decision. I was never personally notified by the Court itself or by my appellate attorney. It was only after writing to my appellate attorney earlier this year that I received a letter from them, dated April 6, 2016, informing me that the Supreme Court had declined to accept jurisdiction of my appeal to them. I am enclosing a copy of that letter. The mail log here at Trumbull Correctional Institution–where I have been incarcerated from the time my appeal to the Supreme Court was filed until now–will confirm that I received no notification from the Clerk of Court of the Ohio Supreme Court of its decision at any time during this period.

(Doc. No. 1 at 9).

6

Petitioner fails to establish an entitlement to equitable tolling. First, it is not evident that he diligently pursued his rights. Petitioner waited until sometime in early 2016 to inquire about the status of his Ohio Supreme Court appeal, which, by that time, had been dismissed for about a year or more. Although the Sixth Circuit has recognized that "the realities of incarceration may justifiably delay a petitioner's request for a case status update," the court "has never granted equitable tolling to a petitioner who sat on his rights for a year and a half." *Robinson v. Easterling*, 424 Fed.Appx. 439, 443 (6th Cir. 2011). In this case, Petitioner provides no reasonable explanation for his delay.

Further, Petitioner's appellate attorney's failure to provide notice to Petitioner does not amount to an extraordinary circumstance justifying equitable tolling. The Sixth Circuit has declined to allow equitable tolling where the petitioner alleges that the court or his attorney failed to notify the petitioner about the outcome of state court appeal. *See Robinson*, 424 Fed.Appx. 440-43 (petitioner's attorney failed to inform him of the appellate decision for more than one year after it issued); *Winkfield v. Bagley*, 66 Fed.Appx. 578, 583–84 (6th Cir.2003) (no equitable tolling even where a petitioner's attorney misled him into believing that his appeal was still pending before the state court because the petitioner failed to diligently monitor the progress of his appeal); *Elliott v. Dewitt*, 10 Fed.Appx. 311, 312–13 (6th Cir.2001) (no equitable tolling where a petitioner alleged that the state court and his attorney failed to inform him that a decision had been rendered affirming his conviction). Similarly, in this case Petitioner's claim that he was not notified by the court or counsel is insufficient to toll the statute of limitations.

In sum, because Petitioner failed to exercise his rights diligently and no extraordinary circumstance prevented Petitioner from filing, equitable tolling is not warranted in this case.

7

**C. Miscarriage of Justice Exception**

Finally, a petitioner may overcome the AEDPA time bar with a showing of a "miscarriage of justice." To satisfy this exception, a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298,v 327 (1995)). In this case, Petitioner provides no new evidence that would justify tolling the limitations period under the miscarriage of justice exception.

### III. Conclusion

For the foregoing reasons, it is recommended that the Respondent's motion to dismiss be GRANTED.

                                                 *s/ Jonathan D. Greenberg*
                                                 Jonathan D. Greenberg
                                                 United States Magistrate Judge

Date: December 22, 2016

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981);** *Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**