UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DONOVAN MILLER,** | ) CASE NO.  4:16 CV 1275 |
| | ) |
| Petitioner, | ) JUDGE DAN AARON POLSTER |
| | ) |
| vs. | ) <u>OPINION AND ORDER</u> |
| | ) |
| **CHARMAINE BRACY, Warden,** | ) |
| | ) |
| Respondent. | ) |

On May 26, 2016, Donovan Miller filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("§ 2254 Petition").  (**Doc #: 1**.)  Miller, who was convicted of aggravated murder with a firearm specification and tampering with evidence, was ultimately sentenced to 33 years to life in prison with credit for time served.  Miller contends that his convictions violate the U.S. Constitution based on four grounds (Fifth Amendment *Miranda* violation, improper jury instruction, ineffective assistance of counsel, insufficient evidence).

On June 27, 2016, the Magistrate Judge issued a briefing schedule directing Respondent Charmaine Bracy to file an answer within 60 days, and directing Miller to file a traverse 30 days later.  (Doc #: 4.)  A copy of this order was mailed to Miller that same day.  (Non-document order of 6/27/2016.)  On August 25, 2016, Respondent filed a Motion to Dismiss, arguing that the § 2254 Petition is time-barred, Miller is not entitled to equitable tolling, and he has not demonstrated a colorable showing of a miscarriage of justice.  (**Doc #: 6**.)  Despite the lapse of four months, Miller has not filed a traverse or requested an extension of time to file one.

The case is now before the Court on the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg ("R & R"). (**Doc #: 7**.) The Magistrate Judge recommends that the Court grant Respondent's unopposed motion to dismiss the § 2254 Petition. (Id.) The Magistrate Judge issued the R & R on December 22, 2016, and mailed a copy of the R & R to Miller that same day. (Non-document order of 12/22/2016.) At the end of the R & R, the Magistrate Judge stated the following:

### OBJECTIONS
> Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 111 (1986).

(Doc #: 7 at 8.)

Under the relevant statute,

> Within *fourteen* days after being served with a copy [of the R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. . .

28 U.S.C. § 636(b)(1) (emphasis added). As noted, a copy of the R & R was mailed to Petitioner on December 22, 2016. It is now January 19, 2017 and Miller has yet to file objections or requested an extension of time to file them.

The Court has reviewed the Magistrate Judge's thorough and well-written R & R. The Court agrees with the Magistrate Judge that Miller's claims are time-barred and he has failed to demonstrate equitable tolling or a miscarriage of justice. Accordingly, the Court **ADOPTS** the

R & R (**Doc. # 7**), **GRANTS** Respondent's Motion to Dismiss (**Doc #: 6**), and **DISMISSES** the § 2254 Petition (**Doc. # 1**).

   **IT IS SO ORDERED.**

               */s/ Dan Aaron Polster  January 19, 2017*
               **Dan Aaron Polster**
               **United States District Judge**